UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCUS ALLEN JETER,

    Petitioner,

v.                                           CASE NO.  8:16-cv-2315-T-24 TGW
                                                         8:08-cr-399-T-24 TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Petitioner, proceeding pro-se, has filed a Motion to Vacate pursuant to 28 U.S.C. § 2255.  (CV-1, CR-201).  The Court has undertaken an examination of the motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. After doing so, the Court concludes that it plainly appears from the motion as well as the record of Petitioner's prior criminal proceedings, that he is not entitled to relief and that the motion must be dismissed.  In view of that conclusion, the Court needs no response from the Government or to conduct an evidentiary hearing.

Petitioner pled guilty to possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. section 924(c)(1), count two, and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), count one.  On May 20, 2009, the Court sentenced Petitioner

to a term of imprisonment of 151 months as to count one, and a consecutive term of imprisonment of 60 months as to count two. Petitioner did not file a direct appeal. Petitioner now seeks relief under the auspices of § 2255, arguing that his conviction on count two is no longer valid because the conduct underlying the conviction is no longer a crime of violence under the residual clause of §924(c). Petitioner's claim for relief rests on the decision in <u>Johnson v. United States</u>, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), in which the Supreme Court held that the residual cause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in <u>Welch v. United States</u>, 578 U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

After careful consideration, the Court concludes that <u>Johnson</u> affords Petitioner no collateral relief with regard to the conviction and sentence imposed in count two. First, <u>Johnson</u> did not address the statute under which Petitioner was convicted. Instead, <u>Johnson</u> ruled on the constitutionality of the residual clause of the ACCA. Second, Petitioner was convicted under 18 U.S.C. section 924(c)(1)(A)(i) of carrying a firearm during and in relation to a drug trafficking crime, not a crime of violence. Therefore, whether or not 18 U.S.C. section 924(c)(3)(B)'s definition of crime of violence is vague and unconstitutional has no relevance to Petitioner.

In addition, Petitioner's motion is untimely, having been received by the Court on August 12, 2016.[1] Petitioner had one year from June 26, 2015, the date <u>Johnson</u> was decided, to file his § 2255 motion based on <u>Johnson</u>. Petitioner's motion was received by the Court on August 12, 2016

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate (CV-1, CR-201) is **DISMISSED**.  The Clerk is directed to enter judgment for the United States in the civil case and then to **CLOSE** the civil case.

**DONE AND ORDERED** at Tampa, Florida, on August 16, 2016.

SUSAN C. BUCKLEW
United States District Judge

**COPIES FURNISHED TO**:
Pro se Petitioner

---

[1] It is disingenuous for Petitioner to assert, under penalty of perjury, that he submitted his motion for mailing on June 21, 2016.  The Court finds it highly doubtful that it took over seven weeks for the motion to get from Georgia to Florida.